UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Leidy Beatriz Escalante Castro<br>A201-028-725<br>    Petitioner<br><br>V.<br><br>Kristi Noem, Secretary of Homeland<br>Security; Todd Lyons, Acting Director<br>Immigration Customs and Enforcement;<br>Michael J. Krol, Homeland Security<br>Investigation New England Special Agent in<br>Charge; Patricia Hyde, ICE<br>Enforcement and Removal Operations<br>Boston Acting Field<br><br>    Respondents | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION TO PREVENT UNLAWFUL REMOVAL

Petitioner, Leidy Beatriz Escalante Castro respectfully moves this Court for an emergency Temporary Restraining Order ("TRO") and Preliminary Injunction prohibiting Respondents from removing her from the United States on or before December 21, 2025. Respondents have failed for over nine years to provide Petitioner with the mandatory reasonable fear interview required by law, despite Petitioner's repeated request for a reasonable fear interview and her expressed fear of returning to El Salvador. Respondents have now scheduled Petitioner for imminent deportation.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under:

    i) 28 U.S.C. § 1331 (federal question);

1

    ii) The Due Process Clause of the Fifth Amendment;

    iii) The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3); and

    iv) Jurisdiction is not barred because Petitioner, at this time, does not seek a review of Petitioner's final removal order, but seeks to prevent removal due a violation of mandatory reasonable fear procedures.

2. Venue is proper because Petitioner resides in this District and Immigration Customs and Enforcement (ICE) has ordered Petitioner to report on December 19, 2025, to Burlington, Massachusetts for her removal on December 21, 2025.

## II. FACTUAL BACKGROUND

3. Petitioner is a native and citizen of El Salvador.

4. On September 28, 2016, Petitioner was taken into immigration custody and stated her fear of persecution and serious harm if returned to El Salvador (See Exhibit A, Form I-831).

5. Under federal law, once a noncitizen expresses fear of return, The Department of Homeland Security (DHS) must refer the individual for a reasonable fear interview with a United States Citizens and Immigration Systems asylum officer.

6. Despite Petitioner's written request on January 17, 2018, and her response as reflected on the I-831, no reasonable fear interview has ever been conducted, nor has Petitioner received a negative reasonable fear determination or review by an Immigration Judge (See Exhibit B, Letter requesting reasonable fear).

7. On November 13, 2025, Petitioner filed an application for Stay of Removal at the ICE Office in Burlington, Massachusetts. To date, ICE has not rendered a decision (See Exhibit C, Stay of Removal Application).

8. On November 15, 2025, Petitioner reported to the Intensive Supervision Appearance Program (ISAP) and was fitted with an ankle monitor. This was in compliance with the terms and conditions imposed by ICE.

9. On or about December 11, 2025, Petitioner received a phone call from ICE and was informed that:

    i) Petitioner will be deported on December 21, 2025, and

    ii) Petitioner must report to ICE on December 19, 2025, with her and her children's (1 US Citizen and 1 Legal Permanent Resident) passports to obtain more details.

10. Petitioner has a serious medical condition that requires ongoing monthly treatment only available in the United States and would be dangerously disrupted by removal. The medical condition is called "hidradenitis suppurativa" and the medication to treat the condition is unavailable in El Salvador.

11. Petitioner is the single parent and sole provider of her 8 year old son, Mateo who was born in the United States on March 10, 2017. Mateo suffers from asthma, learning issues, and attention deficit disorder and depends on Petitioner for daily care, medical coordination, and emotional stability. Mateo is in the process of obtaining a neurological evaluation.

12. Removal would cause severe and irreparable harm to Petitioner and Petitioner's U.S. citizen child.

## III. LEGAL STANDARD

A Temporary Restraining Order and Preliminary Injunction are appropriate where:

1. The movant is likely to succeed on the merits;
2. The movant faces irreparable harm absent relief;
3. The balance of equities favors the movant; and
4. An injunction serves the public interest.

## IV. ARGUMENT

### A. Respondents Violated Federal Law by Failing to Provide a Credible Fear Interview

11. The Immigration and Nationality Act (INA) mandates that DHS provide a reasonable fear interview when an individual expresses fear of return. Removal prior to a reasonable fear interview violates 8 U.S.C. § 1225(b) and 8 C.F.R. § 208.30 (b).

12. Respondents' failure to provide such an interview for over nine years is unlawful and arbitrary.

13. Removal without a reasonable fear interview violates the INA and the Fifth Amendment's Due Process Clause.

3

### B. Petitioner Is Likely to Succeed on the Merits

14. Petitioner first stated her fear to return to El Salvador in 2016 and then through her counsel made a written request for a reasonable fear interview in 2018, and again in 2021. Furthermore, ICE confirmed in 2019, it didn't forward the request for a reasonable fear interview (See Exhibit D).

15. Respondents never conducted nor schedule a reasonable fear interview.

16. Courts have consistently held that removal without required fear screening is unlawful.

17. Petitioner therefore has a strong likelihood of success.

### C. Petitioner Faces Immediate and Irreparable Harm

18. If removed to El Salvador, Petitioner faces:

i) Serious risk of persecution or violence if returned to El Salvador;

ii) Loss of access to critical medical care; and

iii) Permanent separation from a U.S. citizen child with special needs and medical issues as well as separation from her legal permanent resident son.

19. Deportation cannot be undone once executed. Monetary damages cannot repair these harms.

### D. The Balance of Equities and Public Interest Favor Injunctive Relief

20. Granting relief merely requires Respondents to comply with existing law.

21. The public interest is served by preventing unlawful deportations and protecting constitutional rights.

## V. REQUEST FOR RELIEF

Petitioner respectfully requests that this Court:

1. Immediately issue a Temporary Restraining Order preventing Respondents from removing Petitioner from the United States;

2. Order Respondents to provide Petitioner with a credible fear interview as required by law;

3. Schedule an expedited hearing on a Preliminary Injunction;

4

4. Grant any additional relief the Court deems just and proper.

Respectfully submitted this 18th day of December 2025.

*Nancy Norman*

Nancy B. Norman (BBO #545396)
Horrigan and Norman
330 Lynnway
Suite 111
Lynn, MA 01901
Tel:(781)-592-4666
E-mail: nancy@horrigannorman.com

5

## CERTIFICATE OF SERVICE

I, Nancy B. Norman, attorney for the Respondent, certify that I have served a true copy of the within documents to the following:

Office of the United States Attorney – District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
150 Apollo Drive, Suite 200
Chelmsford, MA 01824

ICE Enforcement & Removal Operations
Boston Field Office
1000 District Avenue
Burlington, MA 01803


Via PACER, on this 18th day of December 2025.

Nancy B. Norman (BBO #545396)
Horrigan and Norman
330 Lynnway
Suite 111
Lynn, MA 01901
Tel: (781)-592-4666
E-mail:nancy@horrigannorman.com